## ANTHONY et al. v. MURPHY.

(Circuit Court, D. New Jersey. September 25, 1894.)

1. PATENTS—PHOTOGRAPHIC APPARATUS—INFRINGEMENT.
   The devices covered by patents to Cadett, No. 208,956, and Packard, No. 316,564, for improvements in photographic apparatus, are capable of joint use, and the patents are infringed by the "photographic shutters" sold by the defendant.

2. SAME—PRIORITY OF INVENTION—PROOF OF FRAUD.
   Where defendant contends that plaintiff's grant of letters patent was obtained by fraud and dishonesty, the burden of proof is upon defendant to overcome the presumption arising from the grant in favor of plaintiff, and the defense fails unless the proof adduced be of the most conclusive nature.

This was a bill in equity by E. & H. T. Anthony and others against George Murphy for infringement of the letters patent for improved photographic shutter contrivances.

Edmund Wetmore, for complainants.
E. S. Roos, for defendant.

GREEN, District Judge. The bill of complaint in this cause charges the infringement by the defendant of two certain patents owned by the complainants, one of which was granted to James W. T. Cadett, October 15, 1878, for "new and improved pneumatic arrangements for facilitating the uncapping or exposing and capping or shutting the lenses used in apparatus for depicting persons or objects by photographic means," and is numbered 208,956; the other was granted to Cullen C. Packard, April 28, 1885, for "new and useful improvements in photographic shutters," and is numbered 316,564. Both of these patents have been assigned to the complainants.

The defendant is a dealer in photographic supplies, resident in the state of New Jersey. The "photographic shutters" sold by him, and charged to be infringements, were actually manufactured by one George F. Green, in Kalamazoo, Mich., and he has virtually assumed the burthen of the defense. The answer filed by the defendant not only denies infringement, and that the two patents are capable of joint use, but, as well, that neither Cadett nor Packard was the first inventor of the peculiar mechanism and shutter shown and described in the respective letters patent, and asserts boldly that, in fact, the said George F. Green, the manufacturer of the alleged infringing mechanism and shutters, was the first inventor thereof, and that to him, and to him alone, belonged the right to claim the honor of the invention.

So far as the first two defenses are concerned, they may be readily dealt with. It seems quite certainly established by the proofs in the cause that the two inventions are capable of, and are fully adapted to, conjoint as well as separate use, and that they may be and are conjointly and beneficially used in connection with, and as parts of, one and the same photographic apparatus, and that, as a matter of fact, they are so conjointly made use of, and are to be found, in the "shutter mechanism" admittedly manufactured by Mr. Green, and sold by the defendant. And this fact disposes of the defense of non-infringement as well. For if the different mechanisms thus embodied in the defendant's shutter and appliances are, practically, the identical mechanisms of the Cadett and Packard letters patent, or the equivalent thereof,—and of this there seems to be no reasonable doubt,—of necessity the defendant is guilty of infringing: provided, always, Cadett and Packard are, in fact, the first and original inventors of those mechanisms. This proviso, however, raises the main issue in this cause: To which of the contending parties is the honor of "inventor" to be awarded,—to Cadett and to Packard, or to Green?

Upon the issue thus presented the contest has been most strenuously waged. It is one wholly of fact, and, to sustain their respective contentions, witness after witness has been produced, by the one party or the other, who have, under the solemn obligation of an oath, made statements touching these inventions, and the matters and events connected therewith, which are baldly contradictory and wholly irreconcilable. These witnesses, or many of them at least, are apparently disinterested and unprejudiced. Neces-

sarily their testimony obscures the issue, and renders a satisfactory and conclusive finding exceedingly difficult.

After a careful consideration of all the testimony in the cause, documentary as well as oral, and without lumbering up this opinion with citations therefrom, a fair presentation of which, if made at all, would demand the rescript of nearly all the evidence, and after weighing the conflicting statements of many of the witnesses as best could be done, the following conclusions have been reached:

First, as to the Cadett invention, it is established that it was novel and highly useful, and was the first of that character, in connection with photographic instruments, made in this country, at least. That Cadett in this respect appears to have preceded Green in any perfected similar invention which he may have made; and, if not strictly a pioneer, yet he seems to have been the first to bring into useful and workable combination the various elements of his mechanism, and is entitled to due credit therefor. That the alleged anticipating shutter and mechanism of Mr. Green, if they be admitted to have prior existence at all, amounted to nothing more than experiment, which failed to give satisfaction at their only practical test, and were admittedly never brought to a "state of completeness," but were abandoned. That the defendant's mechanism embodies the Cadett invention, and comes within the scope of the claim of the letters patent, even if that be restricted as strictly as contended for.

As to the Packard patent, the weight of testimony shows that as early as July, 1884, Packard had a photographic shutter of its peculiar type completed and in successful use; that, early in August of the same year, he made certain improvements upon this shutter mechanism, and produced the shutter as it now is in use; that he promptly applied for letters patent for his improved invention, which were granted to him in the following April. The presumption arising from this grant weighs heavily in his favor. The weight of the oral testimony seems to indicate him as the real and first inventor of these improved photographic shutter contrivances. The documentary evidence strongly supplements and strengthens the oral; and the conclusion seems inevitable that, as between Packard and Green, Packard was in fact the real inventor.

It is quite probable that this conclusion would have been reached had the testimony been more evenly balanced. To overcome the presumption arising in favor of Packard from the grant to him of letters patent, by allegations of fraud and dishonesty, proof of the most conclusive nature is demanded. A defense of this kind shifts, necessarily, the burden of proof, and casts it upon the defendant. That burden must be triumphantly borne. The preponderance of testimony, to sustain it, must be clearly apparent. If all reasonable doubt be not dissipated by it, the defense fails, for such doubt as remains must be resolved against it. Without making any special criticism upon the story of his alleged invention, as related by the defendant, it can hardly be contended that it is so consistent, so natural, as to dissipate all doubt. The very existence of some doubt is fatal to the cause of the defendant. There must be a decree for the complainants.